*1300 OPINION.
Milliken :
The sole question presented by this proceeding, is whether the trust created by the sixth paragraph of the will of I. DeVer Warner as modified by the various codicils, is entitled to take as a deduction from its gross income for the year 1921, a third, or any part of the capital loss of $37,891.69 incurred in that year by the trust created by the fifth paragraph of said will, as modified by *1301 tbe subsequent codicils. This question must be decided adversely to the petitioner on the authority of Arthur H. Fleming v. Commissioner, 6 B. T. A. 900, and Baltzell v. Mitchell, 3 Fed. (2d) 428.
Petitioner attempts to distinguish these authorities on the ground that under certain contingencies, he, as trustee, may come into possession of one-third of the capital fund of the trust created by the fifth paragraph. The trust created by the sixth paragraph terminates as to one-half of its corpus on the arrival of Ira F. Warner at the age of 21, and as to the remaining one-half when he arrives at the age of 25. Therefore, petitioner as trustee for this particular trust, can come into possession of the whole of one-third of the corpus of the trust created by the fifth paragraph, only upon the happening of the following contingencies: (1) The death of Ira before he attains his majority; (2) the death of the widow before Ira attains his majority; and (3) the death of the widow before the death of Ira. The same line of reasoning applies to the remaining one-half of such one-third should both Ira and the widow survive his arrival at the age of 21, and should both die before his 25th birthday. The case of Ira’s trustee is not nearly so strong as that of Mrs. Baltzell in the case of Baltzell v. Mitchell, supra. The court held in that case, that Mrs. Baltzell could not deduct from her gross income, the loss sustained by the trust of which she was a beneficiary, even though she had a vested equitable remainder in the fund which incurred the loss.
Petitioner insists that the three trusts created by the will of I. DeVer Warner should not be treated as distinct taxable entities, but as one, for the reason that each of them is created by the same instrument and that the same person is the trustee of each trust. We find no merit in this contention. The fact that the testator created three separate and distinct trusts, is demonstrative of his intention that each should be treated as a separate entity, else he would not have created the three, but only one. It is only necessary to point out two provisions of the will which demonstrate this intention. By the sixth paragraph of the fifth codicil, DeVer H. Warner is given the authority to resign his office of trustee in any or all of the trusts, to appoint his successor, and “ also to entrust by said appointment, the separate trust funds therein created to different trustees, if he shall see fit, * * *.” Here the testator speaks of “the separate trust funds therein created.” He intended to and did create “separate trust funds.” Under the above provision, DeVer H. Warner was given the authority to appoint a separate trustee for each separate trust fund. It is thus only by circumstance that there was but one trustee for all the trusts in the particular year before us.
*1302 The other provision referred to is that in the ninth paragraph of the will, to the effect that if the income from the corpus of the trust created by the fifth paragraph should prove insufficient to pay the widow her annuity, resort should be had, not to the income of the other trust, but to the corpus of that particular trust. It thus appears that the testator contemplated this contingency might happen and made provision therefor. This is but another way of saying that the testator devoted the whole of that particular trust fund, corpus and income, to the payment of the annuity, making provision only for the disposition of any possible excess of income over the annuity. Petitioner could not complain if the trustee of that trust under necessity invaded its principal to the extent of depriving the trust for Ira of part of the surplus income or even of any income whatever. In order to sustain his position, petitioner must extend his contention to the extent of saying that, by each reduction of the corpus for the benefit of the widow for the purpose of paying her annuity, the trust for Ira suffered a deductible loss-. That is, that the trust for Ira suffered a deductible loss by reason of the reduction of the corpus of the trust for the widow, even though such reduction was necessary to carry out the express intention of the testator. If these invasions of the corpus resulted in its total extinguishment, it could not be held that the trust for Ira, or Ira himself, if he survived his 25th birthday, could take as a deductible loss that which it or he had failed to receive and which neither under the testator’s will had the right to receive.
We are clearly of the opinion that the trust created by the sixth clause of the will, as modified by the various codicils, is a distinct taxable entity from the trust created by the fifth paragraph as modified by subsequent codicils, and that the trustee of the first trust is not entitled to take as a deduction a capital loss sustained by the latter.
Reviewed by the Board.

Judgment will be entered for the respondent.